SARTAIN, Judge.
Herman Givens appeals the dismissal of his claim against R. Scott Held and his liability insurer for damages arising out of a rear-end collision. The trial court found that plaintiff’s negligence was the sole and proximate cause of the accident. Joining with plaintiff Givens in this appeal is inter-venor, Casualty Reciprocal Exchange, which seeks reimbursement of workmen’s compensation payments made to Givens.
The accident occurred on July 14,1976, at approximately 11:40 a. m. at the intersection of Florida Boulevard and North 13th Street in Baton Rouge. At this location, Florida Boulevard, the favored street, is a four-lane thoroughfare running east-west. Defendant Held was traveling west on Florida in. the inside lane. Plaintiff, going south on North 13th Street, was attempting to cross Florida and continue on 13th Street. However, because 13th Street on the south side of Florida is offset at least thirty feet to the west, a driver proceeding south on 13th Street is required to make a right turn onto Florida and then a left turn onto 13th Street. Plaintiff, driving a pickup truck, stopped at the stop sign on the north side of Florida and then entered Florida. He was hit in the rear by Held’s van while stopped in the inside westbound lane waiting to make a left turn onto 13th Street. A light rain was falling at the time of the accident, but both drivers testified visibility was good.
Plaintiff and defendant Held agree on the above facts, but otherwise give radically different versions of how the accident occurred.
Plaintiff testified that when he stopped at the stop sign before entering the intersection he looked in both directions and ascertained that he could safely proceed. He emphatically stated that he had a clear, unobstructed view to his left and saw absolutely no westbound traffic on Florida. According to plaintiff, he had been stopped in the inside westbound lane of Florida waiting for the eastbound traffic to clear for some ten to fifteen seconds before he was hit. He testified that he had on his headlights and his left blinkers and that at least five cars had come around him on his right after he had stopped.
Held, on the other hand, maintained that plaintiff pulled out immediately in front of *1191 him and stopped suddenly, giving Held no opportunity to avoid the collision. Held testified that when he first saw plaintiff stopped at the stop sign on 13th Street, he (Held) was only five to six car lengths away. He estimated that he was traveling between twenty-five and thirty miles per hour. Held stated that he saw plaintiff enter Florida and move into his lane and, in response, he eased up on his accelerator. He did not brake until the rapid decrease in the distance between the two vehicles indicated to him that plaintiff was stopping. At that point traffic to his right and left prevented any swerving maneuvers. Held did not recall having seen plaintiff’s signal, nor did he remember having on his own headlights. In explanation of his delay in braking, Held stated that when plaintiff pulled out he assumed plaintiff intended to join the flow of traffic and continue west on Florida. He further explained that the speed and spacing of the two vehicles at the point at which plaintiff entered his lane was such that it would not have been necessary for him to brake had plaintiff moved forward with the flow of traffic instead of stopping. The testimony of Mrs. Held, a passenger in the van, was in accord with that of her husband.
Plaintiff relies heavily upon the testimony of his expert witness, Colonel Joseph Andre. At plaintiff’s direction, Andre conducted skid tests to determine the drag factor of a vehicle similar to Held’s van on the wet surface of Florida Boulevard at the intersection with North 13th Street. From that he was able to fix the stopping distance at various speeds. He calculated that at twenty-five miles per hour the van would be able to stop in 2.78 seconds and at 63 feet, including reaction time and distance. At thirty-five miles per hour, the total stopping distance would be one hundred eleven feet and the stopping and reaction time 3.60 seconds.
According to Andre, the average length of a standard size automobile is eighteen and one-half feet. Therefore, Held’s estimate that he was approximately five to six car lengths in distance from plaintiff when he saw plaintiff stopped on North 13th Street would translate into 92.5 to 111 feet.
Andre also conducted a test to determine the time it takes for a pickup truck similar to the one plaintiff was driving to move from the stop sign on North 13th Street to a stop at the point on Florida where the collision occurred. Andre timed plaintiff as he drove the distance four different times. The times varied from 7.0 to 8.2 seconds. This distance was measured by Andre as 83 feet. Additionally, Andre calculated that in 7 seconds Held, traveling at 25 miles per hour, would cover 257 feet and, at the speed of 35 miles per hour, would move 360 feet.
Plaintiff argues that Andre’s testimony proves that the accident did not happen as testified to by Held. In the seven seconds that according to Andre’s measurement was the minimum time it took plaintiff to get into the position in which he was hit, Held, moving at 25 miles per hour, would have traveled 116 feet beyond the point of collision (fixed by the investigating officer at 30 feet west of the west edge of North 13th Street) if in fact Held had been only six car lengths from plaintiff when plaintiff was stopped on 13th Street. Held would have reached the point of collision 3.2 seconds before plaintiff. Any contact that might have occurred between the two vehicles would have been at an angle and not a direct hit into the rear as actually happened.
Assuming the accuracy of Andre’s measurements, we would agree that defendant Held’s estimate of distance appears to have been inaccurate. However, a rejection of this part of Held’s testimony does not necessarily result in a determination that plaintiff was free from negligence.
Indeed, the trial court’s written reasons for judgment make it clear that that court’s finding of negligence on the part of plaintiff was not based on Held’s testimony on the initial distance between him and plaintiff. The trial judge stated that he was “unable to conclude exactly how far the defendant vehicle was from the point of impact when plaintiff left the stop sign,” but he acknowledged that the calculations *1192 of plaintiff’s expert would locate Held 257 to 360 feet east of the point of collision when plaintiff began to traverse the intersection. The trial judge concluded that even though Held might have had sufficient time and distance in which to stop prior to impact, he nevertheless acted reasonably under the circumstances in not braking until plaintiff unexpectedly stopped. We believe that the lower court was correct when it said:
“To require the defendant to react immediately when the plaintiff left the stop sign places an unreasonable burden on him. Defendant was on a four-lane heavily traveled street. He could reasonably assume that when plaintiff left the stop sign he would stay in the right lane; or that he would accelerate into the flow of traffic in his lane. Plaintiff’s maneuver was the least reasonable for defendant to anticipate, pulling into the left lane and stopping suddenly.”
In a case such as this in which two adverse parties testify to directly contradictory versions of the facts, the trial court’s assessment of credibility is a major factor in the resolution of the conflict and is entitled to. great weight. Canter v. Koehring Co., 283 So.2d 716 (La.1973); Echizenya v. Armenio, 354 So.2d 682 (La.App. 4th Cir. 1978).
It is clear that the trial court did not believe plaintiff’s testimony that he had been stopped for ten to fifteen seconds pri- or to being hit. Nor did it accept plaintiff’s statement that there was no westbound traffic in view when he entered Florida. The lower court found more credible Held’s assertion that he was within such proximity of plaintiff as to have been easily seen and that when plaintiff pulled into his lane directly in front of him and stopped, he (Held) had no opportunity to avoid the accident. Held’s apparent underestimation of his initial distance from plaintiff did not warrant wholesale rejection of his testimony. We too conclude that plaintiff’s actions were negligent.
Approving the lower court’s findings of fact and conclusions of law, we accordingly affirm. Costs are to be borne by plaintiff.
AFFIRMED.